THE NATIONAL BANK OF WINTERSET v. EYRE ET AL.

1. **Usury**: NATIONAL BANKS: JURISDICTION. Where a national bank loans money upon a usurious contract only such penalties can be enforced as are provided in the national banking act. Without regard to the question whether or not the state courts would have jurisdiction of an original action to enforce those penalties, when the bank sues upon such contract in a state court the defendant has the right to maintain the plea of usury as a defense in the same court.

2. ———: PROMISSORY NOTE: RENEWAL. A note given in renewal of one which is usurious, and covering the usurious interest, is itself affected with usury although bearing but the legal rate of interest, and it cannot be purged of such usury by having the amount credited thereon as a payment, without the concurrence of the maker.

*Appeal from Madison Circuit Court.*

THURSDAY, OCTOBER 23.

ACTION upon a promissory note executed by the defendants to the plaintiff for borrowed money. The petition shows that the plaintiff is a corporation organized under an act of congress. The defendants admit the execution of the note, but aver that it was given by way of renewal of another note, and for money borrowed under a usurious contract, to-wit: A contract to pay interest at the rate of twenty-four per cent per annum. The plaintiff for reply denied that the contract was usurious, and averred that, if it was, the plaintiff was not subject to the law of Iowa in regard to interest upon loans, but only to the law of the United States under which the plaintiff was organized, and that the courts of Iowa had no jurisdiction to enforce the penalties provided. The plaintiff for further reply averred that the note in suit was given for the precise amount loaned, and bearing only ten per cent interest, and that all interest received

upon the former note in excess of legal interest had been indorsed upon the note in suit, and also the interest upon such interest, so that the amount claimed was only the amount loaned with legal interest thereon from the time the loan was made, less the payments which had been made. There was a trial by the court and a finding that usurious interest had been paid, but that the amount of the payment had been indorsed upon the principal as alleged; and judgment was rendered for the plaintiff for the amount claimed. The defendants appeal.

*Wainright & Miller*, for appellants.

*Leonard & Steele* and *McCaughan & Dabney*, for appellee.

ADAMS, J.—I. Where a national bank loans money upon a usurious contract, such penalties, and only such, can be enforced as are provided in the National Banking Act.

1. USURY: national banks: jurisdiction.

*Farmers' and Mechanics' National Bank v. Dearing*, 1 Otto, 29. Such being the law it is insisted by the plaintiff that the plea of usury against a national bank can be maintained only in a Federal court. The argument is that the forfeiture provided is strictly in the nature of a penalty, and that only United States courts have jurisdiction to punish offenses arising under a United States Statute. The plaintiff relies upon section 711 of the Revised Statutes of the United States, which provides in substance that the United States courts shall have exclusive jurisdiction of all suits for penalties and forfeitures incurred under the laws of the United States. And while an attempt was made in the National Banking Act to confer upon state courts jurisdiction in all proceedings against any association organized under the act, yet it is said that the attempt is wholly nugatory because it is not within the power of congress to add to, or enlarge, the jurisdiction of state courts. Upon this point the plaintiff cites *Martin v. Hunter's Lessees*, 1 Wheat., 304; *Houston v. Moore*, 5 Wheat., 1, and *Missouri River Tel. Co. v. First National Bank of Sioux City*, 74 Ill., 217.

In the view which we take of the case it is not necessary to determine whether it is within the power of congress to

confer upon a state court jurisdiction of a matter of which it has not already jurisdiction, under the constitution and laws of the state in which the court exists. The provision in question should certainly be deemed sufficient to evince the intention on the part of congress that the jurisdiction of the federal courts should not be held to be exclusive. We come, then, to the question as to whether, under the constitution and laws of Iowa, the court below had jurisdiction to entertain and determine the question raised in the defendants' answer. The plaintiff contends that it had not, and that, too, independent of the provision cited giving United States courts exclusive jurisdiction in suits to enforce penalties and forfeitures. Upon general principles it is said that the penal statutes of any sovereignty can be enforced only by the courts which belong to that sovereignty.

Without denying that in a certain sense the doctrine enunciated is correct, we are disposed to think that it would be carrying the doctrine too far, to hold that a borrower of money from a national bank at a rate of interest which is usurious cannot, when sued by the bank in a state court to recover interest, maintain the plea of usury as a defense in the same court. No court, so far as we have been able to discover, has so held. It is true that in *Newell et al. v. National Bank of Somerset*, 12 Bush, 57, an action brought to recover for a loan in which the defendants (plaintiffs in error), pleaded usury, the court said: "The courts of this State have not up to this time undertaken to enforce penalties arising under the laws of the government of the United States, and this case presents no sufficient reason to authorize the inauguration of a new judicial policy." In that case, however, the court found that there was no usury, and the remark quoted can hardly be deemed as having the force of authority.

The case of the *Missouri River Tel. Co. v. First National Bank of Sioux City*, above cited, while not strictly in point, tends, it must be conceded, to support the doctrine which the plaintiff seeks to maintain. The action was brought to recover for usurious interest paid. It was held that as the defendant bank was located in Iowa, and the action was brought to recover

under a statute of the United States essentially penal in its character, a state court of Illinois could not take jurisdiction.

Where usurious interest is paid to a national bank upon a usurious contract made with the bank, the statute allows the borrower to recover back double the amount of usurious interest paid. It is manifest that the provision of the statute which allows such a recovery is more strictly penal in its character than the provision which simply allows usury to be pleaded as a defense. The plaintiff's statement in his petition that he is entitled to recover certain interest is not true. Now, in an action which is brought to enforce a claim which is not valid, it would be strange if in the same action the defendant could not be allowed to resist the claim. It is a civil right to make such resistance, and we think that he must be allowed the right in whatever forum the claim is asserted, even though the enforcement of the right would operate in some sense as a penalty upon the plaintiff. This rule seems to us to be correct upon principle, and to be sustained by the decisions. *Hade v. McVay, Allen & Co.*, 31 Ohio, 231; *Ordway v. Central National Bank*, 47 Md., 217; *Betzs v. Columbia National Bank, Penn.*, 87 Penn. St.

II. But the plaintiff claims that whatever usury there was in the note first given, there was none in the note sued on, especially after the indorsement was made of all interest paid in excess of that which was legal.

2. —: promissory note: renewal:

The note sued on was given for the amount of the loan, and bears only ten per cent interest. It was, however, at the time of its execution at least, tainted with usury because it was given in renewal of a note which was usurious and given for too large a sum. The amount of the loan after usurious interest had been paid was not the amount due. If an action had been brought before the renewal, the defendant would have been entitled to have the payment made by him (if not double that amount) applied upon the principal. The amount due in law is only what can be recovered in an action. The note sued on, then, was given for more than was due. Possibly this would not be so if the payment had been made more than two years before the note was given. An action to recover for interest

paid must be brought within two years from the time of payment; this is a provision of statute, and in *Higley v. First National Bank of Beverly*, 26 Ohio St., 81, an action brought upon a note two years after payment of usurious interest, the court went so far as to hold that it was not the right of the defendant to have the payment applied upon the principal, the time for recovering the same in an action brought for that purpose having expired. Without expressing any opinion in regard to the correctness of the decision it is sufficient to say that it is not claimed that the payment in this case was made more than two years before the note was given. On the other hand we infer from what is shown as to date of loan, rate of interest, and amount paid, that at least some portion was paid within two years before the note was given unless the interest paid was all paid in advance, which we should not be justified in assuming.

Taking the fact to be that the note was given for more than was due, it was usurious in its inception, and must be regarded so now, unless it has been purged of usury by the indorsement which was made for that purpose.

A claim may be purged of usury, but it can only be done by making what is virtually a new contract, which of course requires the concurrence of the debtor. *Hammond v. Hopping*, 13 Wend., 505; *Kilbourne v. Bradley*, 3 Day's R., 356; *McClure v. Williams*, 27 Vt., 210; *Bank of Monroe v. Strong*, Clark's Chy. R. (N. Y.), 76; Tyler on Usury, 376.

The plaintiff claims, however, that the doctrine for which it contends was held in *Higley v. First National Bank of Beverly*, above cited. In that case the court said: "In case usurious interest has been reserved at the time of the loan or discount the bank may, upon receiving payment of the debt, discharge itself from all liability to the debtor, by giving credit for the amount of interest reserved."

But the principle stated is not applicable to the case at bar. Liability to the borrower (the point which the court was considering) arises only where usurious interest is paid. Whether the bank could escape liability by giving credit for the amount of usurious interest reserved, as held in the case cited, would

depend upon whether such interest should be considered as paid. The court seemed to think it should not.

Another point made by the plaintiff is, that, while the law may be that a claim cannot be purged of usury without the consent of the borrower if he expressly contracted to pay usurious interest, yet if the usury arises upon a mere reservation of interest, as it may under the National Banking Act, no such consent is necessary.

We can conceive that a person doing business with a bank might deliver his note to the bank to be discounted, and receive a credit therefor in his bank account for the amount of the note less certain usurious interest reserved, without making a special agreement with the bank as to the amount that might be reserved. Whether such a note could afterward be purged of usury, by the mere indorsement thereon of the amount of interest reserved in excess of legal interest, we need not determine. The note in this case was given for money already advanced, and whatever usury there was in the transaction was covered by the borrower's express contract.

The case must be remanded for another trial. In determining the amount for which judgment should be rendered, a question may arise in regard to the extent to which a forfeiture of interest should be allowed, and also a question as to the effect which the lapse of time should have upon the payment which has been made. These questions not having been passed upon by the court below, nor presented in argument by counsel, it would not be proper for us now to undertake to determine them.

We merely hold that under the findings of the court the note is affected with usury notwithstanding the indorsement, and that the defense of usury may be maintained in a state court.

                                                    REVERSED.