BREWSTER, DODGE & HUSE v. DRYDEN & BERRY ET AL.

1. **Jurisdiction:** CANCELLATION OF MORTGAGE: BANKRUPTCY. A state court has no jurisdiction to cancel a conveyance, valid under the laws of the state, upon the ground that it was made in contravention of the federal bankrupt law.

*Appeal from Dallas Circuit Court.*

THURSDAY, JUNE 10.

ACTION in chancery to foreclose a mortgage upon an elevator and certain chattels, as a boiler, engine, etc., executed to secure two promissory notes made by Dryden & Berry and payable to plaintiffs. Lee, as the assignee in bankruptcy of Dryden & Berry, intervenes, and, in addition to other relief, asks that judgment be rendered against plaintiffs on account of a note received by plaintiffs from the bankrupts Dryden & Berry. The Circuit Court entered a decree canceling the mortgage on the ground that it was given in contravention of, and was fraudulent under, the United States bankrupt law. The decree dismissed the intervenor's cross-petition,

VOL. LIII—42.

claiming to recover of plaintiff on account of the note received from the bankrupts. Plaintiffs and Lee, the intervenor, both appeal. The facts of the case, so far as they are involved in the points ruled upon, are stated in the opinion.

*Phillips, Goode & Phillips*, for plaintiffs.

*Brown & Dudley*, for the assignee.

BECK, J.—I. It is unnecessary to state with particularity the pleadings filed after the petition.

One of the defendants, White, filed a cross-petition alleging that he had entered into a contract to purchase the mortgaged property of Dryden & Berry, who have not performed their part of the agreement. Upon a hearing of the issues joined on the cross-petition, a decree was entered rescinding and canceling the contract between White and Dryden & Berry.

Neither party appeals from this decree. No question pertaining to White's cross-petition arises in the case before us.

II. The defendants Dryden & Berry, in answer to plaintiffs' petition, allege that prior to the commencement of the action they had filed their petition in the United States District Court, whereon they were adjudged bankrupts, and in such proceedings they had made full surrender of their estate, including the property covered by the mortgage in suit, and that no assignee had been appointed by the bankrupt court. They further allege that the mortgage is a fraudulent preference in favor of plaintiffs, and contrary to the bankrupt law, and that it was made within sixty days prior to the filing of their petition in bankruptcy, and out of the usual course of business. They ask that they may be regarded as trustees of their creditors, and make their petition a cross-bill, praying that the mortgage may be set aside and canceled as in violation of the bankrupt law.

The plaintiffs moved to strike this answer from the files, for the reason that defendants cannot make the defense set up

in their answer, that it shows no fraud as against defendants, and they cannot plead fraud for others, and that defendants applied to the United States court for authority to defend this action, which was refused. The motion was overruled.

To the answer of defendants plaintiffs replied, alleging that the court has no jurisdiction to determine the matters pleaded by defendants, and that they are not trustees for their creditors, and have no right to appear and plead in that capacity. The plaintiffs allege that the proceedings in bankruptcy were not instituted by defendants in good faith, but with intent to hinder and defeat their creditors, and that after instituting the proceedings they purposely refrained from further steps and abandoned the proceedings.

Subsequently Lee filed a petition of intervention, showing that after the pleadings above referred to had been filed he was appointed, by the United States District Court, assignee in bankruptcy of defendants Dryden & Berry; that plaintiffs were creditors of said defendants, who were insolvents, and executed the mortgage in violation of the bankrupt law of the United States, in that it was made out of the usual course of business, and covered substantially all their property, and was for the purpose of preferring the plaintiffs.

The petition of intervention alleges that defendants sold and transferred to plaintiffs certain goods of the value of $448.13 out of the usual course of business, and for the purpose of preferring plaintiffs, and that such transaction is in contravention of the bankrupt law, and, therefore, void, wherefore the intervenor asks judgment against plaintiffs for the value of the goods so transferred to them. The petition of the intervenor shows that he obtained authority from the United States District Court to prosecute a suit in the state courts to recover the value of the goods transferred by defendants to plaintiffs.

The plaintiffs moved to strike the petition of intervention from the files, upon the ground, among others, that the court has no jurisdiction of the matters pleaded, and has no author-

ity to grant the relief claimed. The motion was overruled The cause was tried upon the issues raised in the pleadings, and the parties introduced testimony in support of the averments made by them respectively.

III. It will be observed that the defendants and the intervenor assail the mortgage on the ground that it is in contra-

**1. JURISDICTION: cancellation of mortgage: bankruptcy.** vention of the bankrupt statute of the United States. The intervenor claims to recover on account of the transfer of property from defendants to plaintiffs upon the same ground. But for the bankrupt law it is not pretended that the matters pleaded by the intervenor and defendants constitute a defense to the petition of plaintiffs, and but for such law it cannot be claimed that the intervenor has a cause of action against plaintiffs. The defense to the action thus pleaded is not of matters which under the law of the state would defeat the conveyance, and under the same laws the intervenor has no cause of action against the plaintiffs for the matters set up in the cross-bill. This defense and cause of action rest wholly upon prohibitions found in the federal statutes. The matters pleaded in no sense pertain to the conveyance under the laws of the state. The question, therefore, presented for our determination is this: May the state court enforce the statutes of the United States in this action in order to defeat the conveyance and hold plaintiffs liable upon the counter claim; or, in other words, have the state courts jurisdiction of the matters pleaded in this action? If the United States courts are clothed with exclusive jurisdiction of the matters involved in the action, the state court cannot take cognizance thereof.

The Revised Statutes of the United States, § 711, provide that the federal court shall have exclusive jurisdiction "of all matters and proceedings in bankruptcy." The language of the statute is not confined to actions, but has a broader application. The word "proceedings" relates to and describes actions; hence all actions in bankruptcy are within the exclusive jurisdiction of the federal courts. The word "matters"

has a broader, a very broad application; it means the thing or subject treated of or affected. What are matters in bankruptcy? The word "bankruptcy" means the condition of a "bankrupt," as contemplated by the statutes of the United States. It contemplates the laws declaring when that condition exists, and providing remedies, and prescribing the rights of persons in reference to that condition. It is not restricted in its meaning to the condition of a bankrupt insolvent. It applies to all matters connected with the bankrupt as prescribed by law. "Matters in bankruptcy" are things treated of or affected by the legislation upon the subject of bankruptcy. Of these things the United States courts have exclusive jurisdiction. The matters set out in the pleadings in this case pertain exclusively to United States legislation upon the subject of bankruptcy; they are not found in the State laws nor in the common law; they are, briefly, matters in bankruptcy; of them the United States court has exclusive jurisdiction. *Hecht, Reed & Co. v. Springstead*, 51 Iowa, 502, is in principle identical with this case. We held in that decision that the state courts have no jurisdiction to vacate a judgment valid under state laws, but invalid under the United States bankrupt law, § 711 of the United States Revised Statutes, the federal courts having exclusive jurisdiction of the subject-matter of the action. The reasoning of that decision and the authorities cited are referred to in support of the conclusion we now reach.

We have considered with attention the authorities cited by counsel for the intervenor. They insist that *Wiswall v. Campbell*, 93 U. S., 349, considered with *Claflin v. Houseman*, 93 U. S., 137, establishes that "plenary actions and suits" are no part of bankruptcy proceedings, and are, therefore, not within the exclusive jurisdiction of the federal courts. But the actions contemplated by the expression "plenary actions and suits" used in *Claflin v. Houseman* are not such as are based exclusively upon provisions of the bankrupt law. The court, as we understand the opinion,

held that the state court may entertain actions by the assignee to recover assets of the bankrupt, and in such cases they exercise their ordinary jurisdiction derived from laws of the state. *Wiswall v. Campbell* holds that a judgment in a proceeding to establish a claim against a bankrupt estate is not a final judgment in a civil action which may be reviewed by the United States Supreme Court. We fail to discover that these cases support the position of counsel.

We conclude that the court below erred in the decree canceling the mortgage of plaintiffs. The decree dismissing the cross-bill of the intervenor was based upon the evidence. Of course we do not find it necessary to disturb that part of the court's judgment. It is correct, though it ought to have been based upon the absence of jurisdiction. The cause is triable here *de novo*. The execution of the mortgage and the existence of the debt are established by the proof—indeed they are not denied in the pleadings. As we have seen, the state courts cannot take cognizance of the defense set up. The right of recovery is, therefore, in plaintiffs.

The decree of the Circuit Court upon plaintiff's appeal will be reversed, and a decree will be entered in this court foreclosing the mortgage, and granting such other relief as is prayed for and authorized by the law, or, at plaintiff's option, the cause may be remanded to the Circuit Court for that purpose.

REVERSED ON PLAINTIFF'S APPEAL.

AFFIRMED ON INTERVENOR'S APPEAL.