WETMORE v. McMILLAN ET AL.

1. **Practice in the Supreme Court.** An objection not presented in the motion to strike, or in any manner raised in the court below, will not be considered.

2. **Bankruptcy:** STATE COURTS: ACTION BY ASSIGNEE. An assignee in bankruptcy may maintain an action in the state courts to recover the property of the estate, when the right thereto does not depend upon the provisions of the bankrupt law.

3. ——: ——: INTERVENTION. The assignee acquires such an interest in the property of the bankrupt as authorizes him to intervene under section 3228 of the Code, or maintain an independent action for the recovery of the property fraudulently conveyed by the bankrupt.

*Appeal from Guthrie District Court.*

MONDAY, DECEMBER 12.

ON the 20th day of July, 1878, the plaintiff commenced against the defendant, James McMillan, sheriff, an action of

replevin for certain personal property, alleging that the plaintiff is the owner and entitled to the immediate possession thereof. A writ of replevin was issued and the plaintiff was placed in possession of said property. The defendant answered, averring that he seized said goods, and held possession thereof, by virtue of a writ of attachment issued in a proceeding wherein one C. H. Zinn was plaintiff and one J. A. Thompson was defendant, and that the goods were at the time of said levy the property of said Thompson.

At the same time Dan. Brown, as assignee in bankruptcy of said J. A. Thompson, appeared and filed a petition in intervention. In the first count of the petition it is alleged in substance that J. A. Thompson was adjudged a bankrupt on his own petition by the District Court of the United States for the District of Iowa, which cause is now pending; that on the 26th day of September, 1878, John Mitchell, Esq., one of the Registers in Bankruptcy, conveyed unto intervenor as assignee of the said J. A. Thompson, all his estate, real and personal, including the property in controversy; that on the 17th day of July, 1878, J. A. Thompson was the owner and possessor in his own right of a stock of general merchandise, and was carrying on the business of a retail merchant in the city of Panora, in the county of Guthrie; that while carrying on said business Thompson sold on credit and accumluated a large amount and number of accounts; that on or about the 17th day of July, 1878, said Thompson being insolvent, with intent to cheat and defraud his creditors, and to hinder, and delay them in the collection of their several claims, did, combining and conspiring with plaintiff herein, make a pretended sale and conveyance of his entire stock in trade and books of account to plaintiff, for no consideration, or if any consideration, only a nominal and fraudulent one, for the purpose of placing said property beyond the reach of his creditors; that the plaintiff, with full knowledge of the fraudulent intent and purpose of said Thompson, and with full knowledge of his insolvency, and

with intent and purpose on his part of aiding Thompson in defrauding, hindering, and delaying his creditors, made a pretended purchase of all the merchandise and accounts of Thompson, and now claims to be the owner thereof; that on or about the 17th day of July, 1878, Charles H. Zinn, a creditor of Thompson, commenced a suit in the Guthrie District Court by attachment, and levied upon the goods and property claimed in plaintiff's petition as the property of said Thompson, for the purpose of collecting and securing his claim against Thompson, and the plaintiff thereafter commenced the present suit in replevin to recover said goods, and gave a bond with sureties conditioned for the return of said goods, and the payment of all costs that might be adjudged againt him.

The second count of the petition alleges in substance that the attachment suit of Charles H. Zinn against said J. A. Thompson was commenced on or about the 17th of July, 1878, within four months next preceding the date of the filing of the petition in bankruptcy by Thompson, which petition was filed August 2, 1878, and that upon making an assignment of the estate of Thompson to petitioner the attachment was dissolved by operation of law, and the attached property passed to and vested in petitioner as the assignee in bankruptcy; that on or about the 17th day of July, 1878, said Thompson, being insolvent a period within six months before the filing of said petition in bankruptcy, made a sale and conveyance of his entire stock in trade as a retail merchant to Ira Wetmore, who then had reasonable cause to believe said Thompson to be insolvent, and knew said sale was made with a view of preventing the property of said Thompson from coming into the hands of his assignee in bankruptcy, and of preventing the same from being distributed under the bankruptcy statutes of the United States; that said sale was made out of the usual and ordinary course of trade, and for the purpose of defrauding the creditors of Thompson, in which fraudulent purpose Wetmore

participated; that the property so conveyed was of the reasonable value of twenty-five hundred dollars.

Petitioner asks to intervene, and that he have judgment for the surrender and delivery of said goods and accounts to himself as assignee, and that in default of the delivery of said goods and accounts, he have judgment for $2,500 against said parties and the sureties on the replevin bond.

The plaintiff moved the court to strike the petition of intervention from the files on the ground that the petition shows affirmatively the intervenor has no interest in the subject-matter of the action, and the court has no jurisdiction over the matters pleaded in the petition of intervention. The court sustained the motion as to the second count of the petition of intervention, and overruled it as to the first count. From the overruling of the motion as to the first count the plaintiff appeals.

*Charles S. Fogg* and *Wright & Wright*, for appellant.

*Brown & Dudley* and *S. D. Nichols*, for appellee.

DAY, J.—I. No complaint is made of the order of the court striking out the second count of the petition of intervention. The ruling is clearly in accord with the holding of this court in *Hecht v. Springstead*, 51 Iowa, 502; and *Brewster v. Dryden & Berry*, 53 Id., 657. The appellant contends that when it is conceded that the court could not take jurisdiction of the matter set up in the second count of the petition, the appellee in effect surrenders his whole case, because the relief prayed is predicated upon the whole petition, and no separate relief is asked on the first count alone. We regard it a sufficient answer to this position that no such point is made in the motion to strike the petition from the files, nor was such objection raised to the first count in any manner in the court below. If it had been, the intervenor might have amended his petition.

1. PRACTICE in the supreme court.

II. There has been much discussion and considerable conflict as to the right of an assignee in bankruptcy to maintain an action in the State courts to recover the assets of the bankrupt. In the case of *Claflin v. Houseman*, 93 U. S., 130, it was authoritatively settled by the Supreme Court of the United States that under the bankrupt act of March 2, 1867, an assignee might maintain such suit in the State courts. This decision was made upon a controversy arising prior to the enactment of section 711, Revised Statutes of the United States, which provides that the jurisdiction vested in the courts of the United States shall be exclusive of the courts of the several States of all matters and proceedings in bankruptcy. In *Claflin v. Houseman, supra*, referring to this section the court say: "Whether this regulation will or will not affect the cognizance of plenary actions and suits it is not necessary now to determine." In *Hecht v. Springstead*, 51 Iowa, 502, it was held that the State courts have no jurisdiction in an action to vacate a judgment valid under the laws of the State, but invalid by reason of being in fraud of the Federal bankrupt law. In *Brewster v. Dryden & Berry*, 53 Iowa, 657, it was held that a State court has no jurisdiction to cancel a conveyance valid under the laws of the State, upon the ground that it was made in contravention of the bankrupt law. Neither of these cases touches the question presented in the first count of the intervenor's petition. In that count of the petition it is sought to set aside a conveyance of the property of the bankrupt, because made in fraud of the rights of creditors under the common law and the laws of the State. The invalidity of the conveyance does not depend upon any provision of the bankrupt law.

An amendment of section 4974 of Revised Statutes of the United States, adopted June 22, 1874, is as follows: "*Provided*, that the court having charge of the estate of any bankrupt may direct that any of the legal assets or debts of the bankrupt, as contradistinguished from equitable demands,

<span style="margin-note">2. BANKRUPT-CY: state courts: action by assignee.</span>

shall, when such debt does not exceed five hundred dollars, be collected in the courts of the State where such bankrupt resides having jurisdiction of claims of such nature and amount." The appellant relies upon this provision of the statute as nega. tiving any jurisdiction of the State courts, except in cases where the amount does not exceed five hundred dollars, and the court having jurisdiction of the estate has directed the action to be brought in the State court. Referring to this provision the Supreme Court of Massachusetts, in *Goodrich v. Wilson*, 119 Mass., 429, say that its effect " is not to confer or take away jurisdiction of the State courts, but simply to allow the Federal courts of original jurisdiction to decline to entertain actions at common law to which the assignee is a party, in which the debt demanded is less than the amount which determines the jurisdiction of those courts in other cases." We think this is the correct construction of this statute. In *Kidder v. Honobin*, 72 N. Y., 159, the court of appeals of New York hold that, notwithstanding the provisions of section 711, and the amendment to section 4974 of the Revised Statutes above referred to, a State court has jurisdiction of an action by an assignee in bankruptcy to recover a debt due the bankrupt. In the course of a well prepared opinion the court say: "When a common law action is an appropriate remedy to enforce a right asserted by an assignee in bankruptcy, whether the right is given by the bankrupt act, or existed in favor of the bankrupt before the bankruptcy, an action to enforce or vindicate the right is not a matter or proceeding in bankruptcy within section 711. The exercise of the original and ordinary jurisdiction of the State courts in such cases is in no proper sense an exercise of jurisdiction in bankruptcy. The fact that the plaintiff makes his title under the bankrupt act by assignment from the debtor, or by force or operation of the act itself, does not make the suit a matter or proceeding in bankruptcy, any more than would a suit brought by an assignee appointed under the State insolvent law to recover a

Wetmore v. McMillan.

debt owing to the insolvent be a proceeding or matter in insolvency." A portion of this language may seem to conflict with the decisions of this court in *Hecht v. Springstead*, and in *Brewster v. Dryden & Berry*, *supra*, but the point actually decided is not in conflict with those cases. There is a manifest distinction between an action brought in a State court by an assignee in bankruptcy to enforce a right which depends for its existence entirely upon the provisions of the bankrupt law and to enforce a right or recover a claim existing under the common law, or under the laws of the State. We think that an assignee in bankruptcy may maintain an action in the State courts to recover the property of the estate in a case where the right to the property does not depend upon the provisions of the bankrupt law.

III. Section 3228 of the Code provides: " If a third person claim the property, or any part thereof, the plaintiff may amend and bring him in as a co-defendant, or the defendant may obtain his substitution by the proper mode, or the claimant may himself intervene by the process of intervenor." It may be conceded that a debtor who has fraudulently conveyed his property could not intervene in an action for the purpose of setting the conveyance aside. It may further be conceded that a simple creditor, without any lien, would not have such interest in the property as would authorize him to intervene and claim the property. But an assignee in bankruptcy stands in a position different from the debtor or a simple creditor. He succeeds to the rights of the debtor, and in addition thereto he becomes the agent of all the creditors for the protection of their rights. There can be no doubt that an assignee in bankruptcy acquires such an interest in the property of a bankrupt fraudulently conveyed that he may maintain an independent action to recover the property. *Allen v. Massey*, 17 Wal., 351; *In re Gurney*, 15 B. R., 373. In *Miles v. Jones*, 15 B. Reg., 150, it is said by Strong, J., that, notwithstanding some decisions to the contrary, an assignee

in bankruptcy stands in the position of a judgment creditor, and that the adjudication of bankruptcy is equivalent to the recovery of a judgment and a levy. See, also, *Adams v. Merchants' National Bank of Indianapolis*, 2 Federal Reporter, 174; *In re Werner*, 5 Dillon, 119.

If the assignee acquired such an interest in the property in controversy that he could have instituted in the courts of this State an independent action to recover it, it follows necessarily, we think, that he acquired such interest as authorizes him to intervene under the provisions of section 3228 of the Code. The court, in our opinion, did not err in refusing to strike from the files the first count of intervenor's petition.

AFFIRMED.