Smith & Crittenden v. Price.

---

SMITH & CRITTENDEN V. PRICE, ET AL.

1. **Bankruptcy:** ASSIGNEE'S TITLE TO REALTY: FEDERAL JURISDICTION EXCLUSIVE. The *legal* title to certain real estate was in B. & Co., who were adjudged bankrupts, whereupon the legal title vested in their assignee, who afterwards, with the approval of the bankruptcy court, conveyed the property to T. But the *equitable* title was in P., who, before the petition in bankruptcy was filed, had executed a mortgage on the property. This action being brought in the State court, on the same day when B. & Co. were adjudged bankrupts, against P., B. & Co. and T., to foreclose the mortgage, *held* that, since the relief asked could be granted only by holding the legal title of the assignee to be inferior to the equitable title of P., such relief must be sought in the federal courts, whose jurisdiction in such case is exclusive. *Wetmore v. McMillan*, 57 Iowa, 344, *distinguished*.

*Appeal from Woobury District Court.*

THURSDAY, DECEMBER 7.

ACTION to foreclose a mortgage executed by the defendant Price. H. D. Booge *et al.* and their assignee in bankruptcy were made defendants, and O. S. Taylor, who claimed title to the mortgaged premises, intervened. The petition was dismissed, and the plaintiff and defendant Price appeal.

*Clinton, Hart & Brewer*, for appellants.

*Chace & Taylor*, for appellees.

SEEVERS, CH. J.—The defendant, Price, was indebted to H. D. Booge & Co. She owned a mortgage on real estate executed by one Watts. This mortgage she gave to Booge & Co. for collection, as the District Court found. Booge & Co. brought suit in their own name to foreclose, and a decree foreclosing the mortgage was duly entered. The premises were sold under the decree and, upon the expiration of the period allowed to redeem, the sheriff conveyed the premises to Booge & Co. Afterward, in December, 1877, the defendant, Price, executed the mortgage sought to be foreclosed, the legal title to the real estate then being in Booge & Co. In June, 1878, a petition in bankruptcy was filed against Booge & Co., and in July following they were adjudged bankrupts, and their property, through the action of the bankrupt court, was transferred and the title thereto vested in an assignee. This action was commenced on the same day Booge & Co. were adjudged bankrupts, leave having been granted by the bankrupt court to prosecute this action in the State courts. The defendant, Booge & Co., and the assignee in bankruptcy, pleaded that the State court did not have jurisdiction because of the proceedings in bankruptcy. Afterward, in 1879, the assignee in bankruptcy sold and conveyed the premises in controversy to the intervenor, Taylor, who paid the purchase money, and the deed was duly approved by the bankrupt court. The intervenor also pleaded that the State court did not have jurisdiction, and it was so held by the court below, and the sole question to be determined is whether the ruling is erroneous.

The legal title to the mortgage premises at the time it was executed was in Booge & Co., and, by reason of the proceeding in bankruptcy, such title was vested in their assignee and by him conveyed to the intervenor with the approval of the court sitting in bankruptcy. The equitable title, however, it will be conceded was in the defendant, Price, and it will be

further conceded, that whatever interest she had is covered by, and embraced in, the plaintiff's mortgage.

When Booge & Co. were adjudged bankrupts by the District Court of the United States, the mortgaged premises either belonged to Booge & Co. and passed to their assignee, or said premises belonged to the defendant, Price. Which of these titles should prevail it was for the bankrupt court to determine. Such court had full power and jurisdiction, and by the action of said court the title passed to the assignee. It was incumbent, therefore, on any one who claimed a better title, to assert it in the court sitting in bankruptcy.

It was essential that the legal title held by the assignee should be adjudged inferior to that of the defendant Price before the title of the latter could be recognized in or by any court. The extent and value of the bankrupt's estate is therefore the question that must be determined in this action, and whether the title passed by the bankrupt proceedings to the assignee. As to such questions, we understand the jurisdiction of the Federal court is exclusive. Revised Statutes of U. S., § 711; *Voorhies v. Frisbie*, 25 Mich., 476; *Stuart v. Hines & Eames*, 33, Iowa, 60; *Hecht, Reed & Co. v. Springstead*, 51 Id., 502; *Brewster v. Dryden*, 53 Id., 657.

The only case cited by the appellant is *Wetmore v. McMillan*, 57 Iowa, 344, but that case is clearly distinguishable. It can be well said that action was brought by the assignee in bankruptcy, and he did not claim to recover because of the bankrupt law, but independent of it.

AFFIRMED.