FIRST NATIONAL BANK OF GRUNDY CENTER, Appellee, v. RICHARD MOORE, Appellant.

Referee's Findings: CONSTRUCTION: USURY: FORFEITURE: RECOVERY BY COUNTERCLAIM.

*Appeal from Grundy District Court.*—HON. C. P. COUCH, Judge.

MONDAY, JUNE 1, 1891.

ACTION on two promissory notes. There was a judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*M. D. Swift* and *Cummins & Wright*, for appellant.

*Rea & Hays* and *Boies, Husted & Boies*, for appellee.

GRANGER, J.—The execution of the notes is admitted by the answer. The defendant and one McWharton were partners in buying and selling hogs, and in the conduct of such business a large amount of money was obtained from the plaintiff bank. By the partnership agreement the defendant was to furnish the money, and McWharton was to perform the labor of buying and selling. The notes in suit, aggregating twenty-five hundred dollars, were given before the settlement of the bank account, and to change the debit from a book account to bills receivable; and it is claimed by the appellant that his deposits exceed the amount he drew from the bank in the sum of fifty-nine hundred and thirteen dollars and seventy-two cents, and, as we understand, that McWharton, without authority from the defendant, used his name to checks which were paid by the bank, and that it was by this means that his debit exceeded his credit account with the plaintiff, and that in reality at the time the notes were made the plaintiff was owing him fifty-nine hundred and thirteen dollars and seventy-two cents. The case was, by consent of the parties, given to Hon. J. H. Bradley as a referee, who found the facts on this branch of the case in favor of the plaintiff. It is insisted to us that under the evidence as a matter of law the finding should be for the defendant. We think not. There are many facts and circumstances besides the testimony quoted by the appellant to be considered in finding the fact, and sufficient to present such a conflict that the finding of the referee, having the force of the verdict of the jury, is conclusive of the question on appeal.

The appellant urges that the referee in his finding of fact has found that the defendant is estopped to dispute the authority of McWharton to draw the money, when there is no estoppel pleaded; and that, because of such finding, there is error. The report of the referee is made up of his findings of fact and law, and also contains comments and reasons for his conclusions. The part of the report showing the finding complained of is as follows:

"The defendant knew of the drawing of the Thomas checks. Had he given the matter any attention he might have known of many others like them. He lived within five miles of the bank, where forty thousand dollars was paid out for him to some one; also lived nearer to the express office, where money was often sent for him; and he must have supposed some one was drawing against shipments. He knew McWharton was making shipments, and expected to profit by his agency. I am of the opinion that either by negligent silence or by consent he was allowing McWharton to do that which he is not now in a position to object to; and, while there is no plea of estoppel, I think the evidence justifies the finding which I now make. Finding: That McWharton had authority to draw the money so as to bind the defendant for its payment."

The appellant quotes the part where the referee says: "I am of the opinion that either by negligent silence or by consent," etc., and concludes therefrom that estoppel was found. If the finding was based alone on the fact of "negligent silence," its effect would be to estop, though not in terms expressed; but the expression of opinion is "either by negligent silence or by consent." If the finding is based on consent, the effect would not be estoppel. Independent of the language of the finding, it is as fair to assume the latter as the former. It appears that the referee had in mind that there was no plea of estoppel, and we think it fair to assume that he used the language to indicate a bar to such a finding, although there is some obscurity when all the language is considered. The "finding" is "that McWharton had authority to draw the money," which is not the usual nor technical method of expressing an estoppel where it is found as a fact. The error suggested certainly does not affirmatively appear.

II. The defendant pleaded that the notes contained usury to the amount of two-hundred and twenty-one dollars and three cents under the law of Iowa, and that the plaintiff, being a national bank, could only "charge, demand or receive such rate as was so permitted by the laws of the state of Iowa, viz., ten per cent. per annum." The defendant further claims that by the laws of the United States the penalty is in double that amount, and asks judgment by way of counterclaim for four hundred and forty-two dollars and six cents. The referee's findings upon the question of usury are as follows:

"The plaintiff is and was during the time covered by the transactions a corporation,—a national bank,—organized and doing business in Grundy Center, Iowa, under the 'national bank act' of congress of June 3, 1864. I find that when the notes in suit were made the defendant owed the plaintiff a much larger amount at each time than their face values. They were

made to change the debit of a deposit account to bills receivable, and were discounted, 'A' at ten per cent., 'B' at eight per cent., and the proceeds so ascertained placed to the credit in the account. There was no settlement or adjustment of the account, and the defendant did not know its statement, except that he knew he owed more than the notes. When the last fifteen-hundred-dollar note was made a shipment of stock had been made to defendant's credit, but it was not known how much it would amount to when received. As the account then stood, *i. e.*, before the credit from the shipment was realized by the bank, with item of interest computed as before stated, the debit balance was four hundred and fifty-nine dollars and sixty-three cents, The shipment when received amounted to seven hundred and forty-one dollars and twenty-seven cents. It was the understanding of the parties then (when the note for fifteen hundred dollars was given) that the account should be adjusted and balanced with the proceeds of the shipment. If more than the excess of the account, it should be a credit upon the notes; but, whether more or less, that the account should be truly and justly stated. No agreement would be implied to pay more than ten-per-cent. interest, and none was expressed. The defendant did not know that interest had been computed at a higher rate and charged in the account. The credit of the shipment changed the account to credit balance, and the plaintiff, without defendant's knowledge or consent, credited the first note with two hundred and eighty-one dollars and sixty cents on that day. He was entitled to a credit of three hundred and ninety-four dollars and ninety-three cents instead, and with that credit he has paid no more than ten per cent., nor agreed to do so. His cause for complaint is not that more than lawful interest was contracted or paid, but that he did not receive the proper credit for the shipment. The statute (U. S. Revised Statutes, sec. 5197) prevents the taking, receiving, reserving and charging a rate * * * (ten per cent.) on any loan or discount made, upon any note or other evidence of debt. Sec. 5198. That the taking a greater rate knowingly shall forfeit the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case the greater rate of interest has been paid it may be recovered back in an action, etc. I find that the notes do not carry with them a greater rate than ten per cent.; hence, there is no forfeiture of interest. Also I find that defendant has not paid a greater rate, and, hence, cannot recover the penalty demanded."

The following are his findings under the heading, "Interests on overdrafts," etc.:

"The parties agreed to the rate of ten-per-cent. interest, but not in writing, except where notes were made. In the account kept in the bank the defendant was charged upon the books interest by the way of discount upon the memorandum notes and upon overdrafts at the rate of one per cent. per month. The amount, so charged, up to the giving the notes in suit, and not including interest in or upon them, was in all two hundred and twenty-one dollars and three cents. The defendant did not know of this charge of extra interest, and no agreement was made to pay more than ten per cent. per annum. This amount includes discount on a note

of two thousand dollars, which was paid, and now lost or destroyed, being. forty-five dollars; leaving as charged upon and included in the account the sum of one hundred and seventy-six dollars and three cents. I find the amount of interest included in this account for overdrafts, and compute it at six per cent., and it is sixty-two dollars and seventy cents, which, deducted from the (two hundred and twenty-one dollars and three cents minus forty-five dollars) one hundred and seventy-six dollars and three cents, leaves the account too large by the sum of one hundred and thirteen dollars and thirty-three cents."

From the findings it clearly appears that there was no usurious contract, so as to induce a forfeiture under the laws of Iowa, and none is claimed. The notes were for one hundred and thirteen dollars and thirty-three cents too much, and that amount was by the referee credited to the defendant in determining the judgment, which is in conformity to the law of Iowa. There is complaint that the referee neglected to give the defendant credit under the plea of usury for the item of forty-five dollars arising from a discount on a two-thousand-dollar note, which had been paid and lost or destroyed. The referee, in fixing the excess, included in the notes of one hundred and thirteen dollars and thirty-three cents deducted from two hundred and twenty-one dollars and three cents this item of forty-five dollars, because it had been included therein as interest charged to the notes in suit, when in fact it was, as it appears to us, another and independent transaction; and we do not think the referee erred in so doing.

We next consider the question of a forfeiture under the laws of the United States. Conceding, with proper facts, the authority of the state courts to impose the forfeiture, and we look to the record to know the facts. The referee finds that there had been charged on the books interest by way of discount upon "memorandum notes and overdrafts" at the rate of one per cent. per month, and the excess over six per cent. per annum was one hundred and thirteen dollars and thirty-three cents. If we concede that because of this charge of excessive interest in certain particulars the notes were so affected as to induce a forfeiture under the laws of the United States, still we think the plaintiff is without his remedy in this suit. The defendant seeks by his pleading to recover the forfeiture to himself by way of counterclaim. Under the law of the state he could have no such relief. If he appeals to the federal laws therefor they must be applied as construed by the federal courts. In *Barnet v. National Bank,* 98 U. S. 555, where a like claim is made in like manner, it is held that such recovery must be in a separate suit; that it is for a penalty; and he "can have redress in no other mode or form of procedure." The effect of the holding is that the statute fixing the right of recovery fixes the character of the proceeding in which the recovery may be had. The case further holds that the state statutes in such cases as to usury "may be laid out of view. They cannot affect the case." As affecting the remedy it is further said: "Where a statute creates a new right or offense, and provides a specific remedy or punishment, they alone apply; such provisions are exclusive." See, also, *Farmers & M. Nat. Bank v. Dearing,* 91 U. S.

29. The question is not here presented, and we must not be understood as expressing any opinion as to a right of recovery in the state courts for such forfeitures.

The judgment is AFFIRMED.