IRA INGRAHAM v. MERCHANTS NATIONAL BANK OF GREENE, IOWA.

**Courts:** JURISDICTION: USURY: FEDERAL STATUTE: CONSTITUTIONAL LAW. A state court having jurisdiction of questions involving usury has jurisdiction, under the federal statute, of actions to recover from a national bank the penalty for taking usury as provided in that statute. And the fact that the statute does not provide for recovering a like penalty from state banks does not render it obnoxious to the constitutional provision that all laws of a general nature shall have a uniform operation.

*Appeal from Butler District Court.*—HON. J. F. CLYDE, Judge.

WEDNESDAY, OCTOBER 25, 1911.

SUIT in equity to recover usurious interest under the provisions of sections 5197 and 5198 of the Revised Statutes of the United States (U. S. Comp. St. 1901, page 3493). There was a judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*C. M. Greene* and *Dawson & Wehrmacher,* for appellant.

*M. Hartness* and *Chas. G. Burling,* for appellee.

SHERWIN, C. J.—This action was brought under the provisions of sections 5197 and 5198 of the Revised Statutes of the United States, which authorize any person, paying to a national bank a greater rate of interest than the law allows it to take, to recover from it, in an action in the nature of a debt, twice the amount of the interest so paid. Section 5198 also provides: "That suits, actions, and proceedings against any association under this title may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any state, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The appellant contends that the language of section 5198 just quoted does not confer jurisdiction upon state courts, "except in so far as a state can award the private right created by said statute under a power, authority, or jurisdiction already possessed by the state courts by reason of the State's own Constitution and laws, and in accordance with its own settled public policy." National banks are creatures of the general government, and the statutes under consideration were enacted for the express purpose of limiting the amount of interest they may charge, and providing a penalty for knowingly taking more than the amount allowed by law. This penalty is certain and fixed in all cases where the power of the statutes may be rightfully invoked. It is the means designated by the creator of the banks for compelling obedience to the law. Section 5198 expressly confers jurisdiction upon all state courts which, under the state law, already have jurisdiction in similar cases. The limitation to courts having jurisdiction in similar cases does

not, in our judgment, mean that only state courts may have jurisdiction, where the state imposes the same penalty; nor does it limit the jurisdiction to cases where the penalty provided by the state law is alone involved. If the first of the suggested limitations is to control, there would be no reason for the penalty fixed in the Revised Statutes, and the same is true as to the second suggested limitation, because, if the state penalty is to control, there would be no force or vitality in the penalty imposed by the Revised Statutes. They would be meaningless and without force or reason in both cases. Hence the fact that a state law may provide a penalty for usury does not affect the status of a national bank under the federal law. What the United States statutes undoubtedly mean is that any state court that has jurisdiction of actions involving the question of usury shall have jurisdiction of actions arising under them. The appellant cites no authority which holds differently. *Hecht v. Springstead,* 51 Iowa, 502, and *Wetmore v. McMillan,* 57 Iowa, 344, did not consider the question now before us, and they are in no way controlling. On the other hand, *National Bank v. Eyre,* 52 Iowa, 114, and *Kinser v. Bank,* 58 Iowa, 728, furnish support for the conclusion we reach, as does also *Bank v. Morgan,* 132 U. S. 141, (10 Sup. Ct. 37, 33 L. Ed., 282). See, also, *Bank v. Moore,* 83 Iowa, 740, and *Bradbury v. Railway Co.,* 149 Iowa, 51.

The fact that a penalty for usury may be recovered from a national bank, but not from a state bank, does not render the law obnoxious to the constitutional requirement of this state that all laws of a general nature have uniform operation. It is sufficient answer to this suggestion to say that laws are of uniform operation, if they apply to all persons in like situation. *Land Co. v. Soper,* 39 Iowa, 112; *Iowa Med. Col. Ass'n v. Schrader,* 87 Iowa, 659.

The appellant's further contention is that the plaintiff should not, on the whole case, be allowed any recovery. We have given the entire record painstaking examination, and

reach the conclusion that the finding of the trial court on the facts is fully sustained. We, therefore, are of opinion that the judgment should be, and it is, *affirmed.*